Mary A. OLGERS, Administratrix of the Estate of Roy Lee Jones, deceased, Appellant,

v.

SIKA CHEMICAL CORPORATION, Appellee.

No. 14524.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 7, 1971.

Decided Jan. 12, 1971.

Jack B. Russell, Richmond, Va. (John H. O'Brion, Jr., and Browder, Russell, Little & Morris, Richmond, Va., on the brief), for appellant.

Emanuel Emroch, Richmond, Va. (Emroch & Kauffman, William P. Hanson, and Hanson & Hanson, Richmond, Va., on the brief), for appellee.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

Plaintiff's decedent died of aplastic anemia allegedly as a result of prolonged exposure to the vapors, fumes and dust of Colma-Dur, a product manufactured by defendant. Colma-Dur, used in the construction trade primarily to bond or patch dry construction materials, consists of two components, an uncured epoxy resin and a curing agent known as diethylenetriamine. Plaintiff's theory of recovery was that defendant was negligent in failing to give adequate warning to users of its product that its use could produce serious injury. Plaintiff obtained a jury verdict for $150,000, on which judgment was entered.

The suit raised four principal issues: (1) whether the decedent's aplastic anemia was caused by the decedent's exposure to vapor, fumes and dust of defendant's product, (2) whether defendant knew or should have known that a user's exposure to the vapor, fumes and dust of its product would cause aplastic anemia or some other serious injury, (3) whether defendant was negligent in failing to warn or in not adequately warning plaintiff's decedent of the possible toxic effects of its product, and (4) whether any negligent failure to warn was the proximate cause of plaintiff's decedent's death. In this appeal the sufficiency of the proof to enable each of these elements to be submitted to a jury is attacked, especially proof of foreseeability on the part of defendant that use of its product could endanger health or life.

After review of the record and the briefs and after considering oral argument, we think the proof was sufficient to submit each element to the jury. The charge was unexceptionable and, therefore, the judgment entered on the jury's verdict should stand. Admittedly, prior to the trial, there was no known case of aplastic anemia's being caused by the components of defendant's product, singly or in combination, but there was sufficient evidence from which the jury could find that defendant should have anticipated that serious injury could result from any failure to warn adequately. This was enough as to the issue of foreseeability. Roberts v. United States, 316 F.2d 489, 494–495 (3 Cir. 1963). The judgment is, therefore,

Affirmed.